IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 17 CR 518 |
| | ) | |
| | ) | Judge Kennelly |
| TOMMY SCHAEFER, | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR BOND/RELEASE FROM
CUSTODY PENDING TRIAL, WITH CONDITIONS**

Defendant, Tommy Schaefer, by and through his counsel MICHAEL E. BAKER, respectfully moves this Court for release from custody pending trial, and states as follows:

1.    Following Mr. Schaefer's completion of a lengthy period of incarceration overseas, Mr. Schaefer returned to the United States to face the charges in the present case.

2.    Those charges are inchoate offenses. Mr. Schaefer is charged in a three-count indictment: Count One charges conspiracy to kill a person in a foreign country, in violation of 18 U.S.C. § 956(a)(1); Count Two charges conspiracy to murder, in violation of 18 U.S.C. § 1117; and Count Three charges obstruction, in violation of 18 U.S.C. § 1512(c)(1). Mr. Schaefer is not charged with a completed act of violence. The conspiracy counts charge an agreement, and the obstruction count charges concealment.

3.    Under the Bail Reform Act, whether an offense charged is a "crime of violence" bears directly on the Court's consideration of the nature and circumstances of the offense. *See* 18 U.S.C. § 3142(g)(1). A "crime of violence" is an offense that "has as an element … the use, attempted use, or threatened use of physical force against the person or property of another"; "any other offense that is a felony and that, by its nature, involves a

substantial risk that physical force … may be used in the course of committing the offense"; or a felony under chapters 77, 109A, 110, or 117. 18 U.S.C. § 3156(a)(4).

4. The inchoate conspiracy offenses with which Mr. Schaefer is charged are not crimes of violence. Conspiracy does not have as an element the use, attempted use, or threatened use of physical force; its essence is the unlawful agreement. For that reason, the Supreme Court and the courts of appeals have recognized that a conspiracy to commit even a violent crime is not itself a crime of violence under the elements clause. *See United States v. Davis*, 139 S. Ct. 2319 (2019).

5. Accordingly, in weighing the nature and circumstances of the offense under § 3142(g)(1), Mr. Schaefer should not be treated as though he were charged with a completed crime of violence. He is charged with inchoate offenses which weighs in favor of release on conditions.

6. Mr. Schaefer has been detained at the MCC, including in extremely difficult conditions.

7. Mr. Schaefer suffers from serious and ongoing health problems. He contracted COVID-19 while incarcerated in Indonesia, and he has since been diagnosed with a post-infectious condition  documented in his Bureau of Prisons (BOP) medical records as "Other post infection and related fatigue syndromes" (ICD-10 G93.39) a documented condition from which he continues to suffer.

8. Mr. Schaefer's medical records reflect that, while his oxygen saturation is generally within normal limits at rest, he experiences significant oxygen desaturation upon exertion. On June 24, 2026, a BOP provider recorded that his resting oxygen saturation

was 96 percent, but that while running in place under pulse-oximetry monitoring it fell to 82 percent, returning to 96 percent only after he stopped and sat down. The provider assessed shortness of breath with activity. As a result, Mr. Schaefer's own custodial providers ordered further cardiac evaluation including an echocardiogram and stress test and a cardiology consultation.  The remain pending.

9.    The conditions of Mr. Schaefer's pretrial detention are not adequate to properly monitor, manage, or treat his condition, and his continued incarceration delays the very evaluation his providers have ordered. Release from custody, with conditions, would permit Mr. Schaefer to complete that workup and to obtain the medical care and monitoring his condition requires.

10.    Mr. Schaefer's compromised physical condition further diminishes any risk of flight, as his health substantially limits his ability to travel or to flee.

11.    Mr. Schaefer poses no risk of flight, and does not present any danger to the community.

12.    Mr. Schaefer does not possesses a passport and has no means to travel.

13.    Further, any perceived risk of flight can be mitigated by electronic monitoring, home confinement, or other conditions of pre-trial release.

14.    In addition, Mr. Schaefer's counsel proposes that Mr. Schaefer live with a third-party custodian.

15.    With respect to the issue of danger to the community, Mr. Schaefer poses none.

16. Apart from the events giving rise to the foreign conviction, Mr. Schaefer has no record of presenting any danger to anyone. He has no criminal history, apart from the foreign conviction which arises out of the same issues presented in this case.

17. Further, any concerns regarding Mr. Schaefer purportedly posing a danger to the community can be mitigated by the above-referenced conditions, i.e., electronic monitoring, home confinement, or other conditions of pre-trial release, and by way of a third-party custodian.

**WHEREFORE**, Mr. Schaefer, by and through his undersigned counsel, respectfully requests the entry of an Order granting his pre-trial release from custody, with conditions set by this Court, and for such other and further relief as this Court deems appropriate.

Respectfully submitted,

By:     s/Michael E. Baker
        Attorney for Tommy Schaefer

Michael E. Baker
Spector Baker
190 S. LaSalle St., Suite 540
Chicago, Illinois 60603
312-782-4640
mike@spectorbaker.com
IL ARDC# 6291373